UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LANDRY DIXON                                          CIVIL ACTION

VERSUS                                                NO: 12-2150

TOYOTA MOTOR CREDIT                                   SECTION: "J"(1)
CORPORATION, ET AL.

## ORDER

Before the Court is a "Motion for Temporary Injunction" **(Rec. Doc. 13)** filed by *pro se* Plaintiff, Landry Dixon.[1] Defendants, Toyota Motor Credit Corporation ("Toyota"), and Troy Campise ("Mr. Campise"), have opposed Plaintiff's motion. (Rec. Docs. 15, 16) The motion was set for hearing without oral argument on January 2, 2013. Having considered the motion, the parties' briefing, the record, and the applicable law, the Court finds for the reasons expressed more fully below, that Plaintiff's motion should be **DENIED**.

On August 27, 2012, Plaintiff filed the instant action

---

[1] This *pro se* Plaintiff's decision to style his motion as a "motion for temporary injunction" begs the question whether Plaintiff's motion should be construed as a motion for temporary restraining order or a motion for preliminary injunction. The Court construes Plaintiff's motion as a motion for preliminary injunction.

against Toyota and Mr. Campise, a Lakeside Toyota Sales Manager, alleging that the named Defendants defrauded him and his corporation, DELF, Inc. ("DELF") in violation of state and federal law.[2] (Pl.'s Compl., Rec. Doc. 1, p. 1) In the instant motion, Plaintiff seeks an order enjoining the Defendants from: (1) continuing to maintain derogatory credit entries against Plaintiff and DELF, and (2) periodically transmitting notices of debt-default and collection notices to Plaintiff and DELF over the disputed debt, pending the litigation of the instant matter. (Pl.'s Mot., Rec. Doc. 13, ¶¶ 15-16)

To obtain a preliminary injunction, the movant bears the burden of establishing: "'(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any damage the injunction might cause to the opponent; and (4) that the injunction will not disserve the public interest.'" Enterprise Int'l Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464, 471(5th Cir. 1985) (citations omitted). "In considering whether to grant or deny preliminary injunctive relief, the district court 'must remember

---

[2] Plaintiff filed a typed complaint entitled "Fruadulent [sic] Lease Agreement," and the typed caption named Delf, Inc. and Landry Dixon as Plaintiffs. (Pl.'s Compl., Rec. Doc. 1) However, Plaintiff used a pen to strike through the reference to Delf, Inc. in the caption of his complaint and to strike through most of the other references to DELF, Inc. throughout the remainder of the complaint rendering it unclear whether DELF, Inc. is or is not an additional Plaintiff in this action. (Pl.'s Compl., Rec. Doc. 1)

2

that a preliminary injunction is an extraordinary and drastic remedy,' and that '[t]he movant has a heavy burden of persuading the district court that all four elements are satisfied.'" Id. at 472.

The Court finds that Plaintiff has failed to carry his heavy burden of persuading the Court that he is entitled to a preliminary injunction. With respect to Mr. Campise, Plaintiff has failed to clearly articulate, in either his complaint or his motion, how Mr. Campise participated in the events surrounding the lease of the vehicle at issue or caused him any harm. Thus, for this reason, Plaintiff has failed to establish that he has *any* likelihood of success on the merits, much less a *substantial* likelihood of success on the merits, of his claims against Mr. Campise.

In addition, Plaintiff bears the burden of proving a substantial threat of irreparable harm if an injunction does not issue. Assuming without deciding that Plaintiff has standing to seek a preliminary injunction on DELF's behalf, despite his handwritten strike-outs of all references to DELF in the complaint, Plaintiff has failed to clearly articulate the harm that he will suffer if the Court declines to issue a preliminary injunction. Plaintiff has only alleged by implication that Defendants' alleged notices of default or collection letters have somehow hindered DELF from conducting business. Plaintiff has not

3

explained what business DELF is engaged in or what harm DELF has incurred in the past or will incur in the future.[3] Thus, the Court finds that Plaintiff has failed to satisfy his heavy burden of persuading the Court that he is entitled to this form of extraordinary relief.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for "Temporary Injunction" (Rec. Doc. 13) is **DENIED**.

New Orleans, Louisiana, this 8th day of January, 2013.

                                           _____
                                           CARL J. BARBIER
                                           UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff asserts that the notices of debt-default and collection letters that Defendants allegedly transmitted "have managed to stifle and strangle all attempts by plaintiff and plaintiff nonprofit to service the identified needs of the populations being served." He further states that the issuance of an order enjoining defendants from continued maintenance of derogatory credit entries against Plaintiff and DELF "will allow plaintiff and plaintiff nonprofit to resume a modicum of services to those communal entities and individuals who are in-anticipation [sic] of these services," and that the issuance of the preliminary injunction "will reduce the chronic distress that attends to the critical and therapeutic services that DELF, Inc. provides to the disadvantaged, the elderly, the incarcerated, and the challenged among our youth and delinquent population." (Pl.'s Mot., Rec. Doc. 13, ¶¶ 14-16) While these excerpts may constitute a vague explanation of why the issuance of a preliminary injunction would benefit Plaintiff and DELF, they do not explain how failure to issue a preliminary injunction would pose a substantial threat of irreparable injury.