UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LANDRY DIXON                                        CIVIL ACTION

VERSUS                                              NO: 12-2150

TOYOTA MOTOR CREDIT                                 SECTION: "J"(1)
CORPORATION, ET AL.

### ORDER

Before the Court is Plaintiff's Motion for Reconsideration of the Court's Order Denying Plaintiff's "Motion for Temporary Injunction." **(Rec. Doc. 24)**. Defendant, Troy Campise ("Mr. Campise"), has filed an opposition (Rec. Doc. 33) Plaintiff's motion was set for hearing on the briefs on Wednesday, March 27, 2013. Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds that Plaintiff's motion for reconsideration should be **DENIED**.

On August 27, 2012, Plaintiff filed the instant *pro se* action against Toyota Motor Credit Corporation ("Toyota Credit") and Troy Campise ("Mr. Campise"), a Lakeside Toyota Sales Manager, alleging that the Defendants defrauded him and his corporation, DELF, Inc. ("DELF") in violation of state and

federal law in connection with an automobile lease.[1] (Pl.'s Compl., Rec. Doc. 1, p. 1) On December 13, 2012, Plaintiff filed a "Motion for Temporary Injunction," (Rec. Doc. 13), which the Court denied on January 8, 2013. **(Rec. Doc . 18)** Plaintiff filed the instant motion for reconsideration on March 4, 2013. (Rec. Doc. 24)

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration. <u>Bass v. U.S. Dep't of Agric.</u>, 211 F.3d 959, 962 (5th Cir. 2000). In the Fifth Circuit, a motion for reconsideration challenging a prior judgment is treated either as a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Federal Rule of Civil Procedure 60(b). <u>Lavespere v. Niagara Mach. & Tool Works, Inc.</u>, 910 F.2d 167, 173 (5th Cir. 1990), <u>abrogated on other grounds by</u> <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1076 (5th Cir. 1994). The difference in treatment is based on

---

[1] Plaintiff filed a typed complaint entitled "Fruadulent [sic] Lease Agreement," and the typed caption named Delf, Inc. and Landry Dixon as Plaintiffs. (Pl.'s Compl., Rec. Doc. 1) However, Plaintiff used a pen to strike through the reference to Delf, Inc. in the caption of his complaint and to strike through most of the other references to DELF, Inc. throughout the remainder of the complaint rendering it unclear whether DELF, Inc. is or is not an additional Plaintiff in this action. (Pl.'s Compl., Rec. Doc. 1) For example, the Complaint provides:

> Plaintiff avers that he entered into a 60-month automotive lease agreement, on behalf of ~~DELF, Inc.~~, with the defendant's agent, at Lakeside Toyota, on December 1, 2010; plaintiff agreed to lease one 2010 Toyota Corolla passenger vehicle...
>
> (Pl.'s Compl., Rec. Doc. 1, p. 2)

timing. If the motion is filed within twenty-eight days of the challenged order, then it falls under Rule 59(e). Id.; FED. R. CIV. P. 59(e). However, if the motion is filed more than twenty-eight days after the judgment, but not more than one year after the entry of judgment, it is governed by Rule 60(b). Id.; FED. R. CIV. P. 60(c). In the present case, Defendant's Motion for Reconsideration was filed more than twenty-eight days, but not more than one year, after the order denying his "Ex Parte Motion for Temporary Injunction." Consequently, it will be treated as a motion for "relief from judgment" under Rule 60(b).

> Rule 60(b) provides:
>
> On motion and just terms, the court may relieve a party or its legal representatives from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to more for a new trial under Rule 59(b);
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>> (4) the judgment is void;
>> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Having reviewed Plaintiff's motion and the record, the Court finds that Plaintiff has merely reiterated the arguments he made in his original "Motion for Temporary Injunction" and has not offered any reason sufficient to justify the relief requested under Rule 60(b). Additionally, the Court finds that Plaintiff has not asserted any new facts that make his success on the merits any more likely.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration **(Rec. Doc. 24)** is **DENIED**.

New Orleans, Louisiana this 18th day of June, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT