```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


 DIXON                                         CIVIL ACTION

 VERSUS                                        NO: 12-2150
                                               c/w 14-7

 TOYOTA MOTOR CREDIT                           SECTION: J
 CORPORATION, ET AL
```

## ORDER AND REASONS

Before the Court is a *Motion to Dismiss Pursuant to Rule 12(b)(6)* filed by Defendant Toyota Motor Credit Corporation ("Toyota") **(Civil Action No. 12-2150, Rec. Doc. 83)**, as well as an *Opposition* filed by Plaintiff Landry Dixon ("Dixon") **(Rec. Doc. 85)**. Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the *Motion to Dismiss* should be **GRANTED.**

### PROCEDURAL AND FACTUAL BACKGROUND [1]

On August 27, 2012, in Civil Action No. 12-2150, Dixon filed suit against Toyota and Troy Campise, a sales manager at Toyota, alleging that they defrauded him and his corporation, DELF, Inc. ("DELF"), in connection with an automobile lease, thereby violating state and federal law. Dixon has repeatedly claimed that he entered into the automobile lease on behalf of DELF as its registered agent

---

[1] For a complete recitation of the facts of this case, *see* the Court's *Order and Reasons* of July 17, 2013 (Civil Action No. 12-2150, Rec. Doc. 64).

1

and chief executive officer.

The Court raised the issue of subject matter jurisdiction *sua sponte* and dismissed Dixon's complaint with prejudice for lack of subject matter jurisdiction. (Civil Action No. 12-2150, Rec. Doc. 64). Specifically, the Court found that there was no basis for federal question jurisdiction under the Truth in Lending Act (TILA)because the lease was not for personal, family, or household use and because it constituted a lease to an organization, and therefore the requirements of TILA were not met.[2] The Court entered a final judgment in favor of Toyota and against Dixon. (Civil Action No. 12-2150, Rec. Doc. 65).

On January 6, 2014, in Civil Action No. 14-7, Dixon filed a second complaint against Toyota, making substantially the same allegations and alleging a violation of the Consumer Credit Protection Act, found in 15 U.S.C. § 1667, *et seq*. This newly-filed action was consolidated with Civil Action No. 12-2150 (Civil Action No. 12-2150, Rec. Doc. 76), and Toyota filed the instant motion to dismiss on March 18, 2014.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal where a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  When considering a motion to

---

[2] Additionally, the Court found that Plaintiff failed to state a federal claim under the Equal Credit Opportunity Act (ECOA) and also failed to establish diversity jurisdiction.

dismiss pursuant to Rule 12(b)(6), a court must accept all well-pled facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The Court is not bound, however, to accept as true legal conclusions couched as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In order to be deemed legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id.* The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 255-57. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, however, the claim must be dismissed. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Twombly*, 550 U.S. at 555;

*Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007).

## DISCUSSION

The Court finds that Dixon has failed to state a claim upon which relief can be granted under 15 U.S.C. § 1667, *et seq*. These sections explicitly apply only to "consumer leases," which are leases for the use of personal property by natural people, primarily for personal, family, or household purposes. 15 U.S.C. § 1667(1) (2010). This Court has already determined that the automobile lease at issue was not for personal, family, or household use and that it was a lease to an organization, not a natural person. Therefore, Dixon has failed to state a claim under 15 U.S.C. § 1667, *et seq.*, and his complaint should be dismissed with prejudice.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion to Dismiss Pursuant to Rule 12(b)(6)* **(Civil Action No. 12-2150, Rec. Doc. 83)** is **GRANTED.**

**IT IS FURTHER ORDERED** that all of Plaintiffs' claims against Toyota are hereby **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 10th day of April, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE