```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

DIXON                                      CIVIL ACTION

VERSUS                                     NO: 12-2150
                                           c/w 14-00007

TOYOTA MOTOR CREDIT                        SECTION: J
CORPORATION, ET AL
```

### ORDER AND REASONS

Before the Court is Plaintiff's *Motion to Set Aside* **(Rec. Doc. 89)** regarding the Court's granting of Defendants' *Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 87)** and the Court's entry of a final judgment in favor of Defendants **(Rec. Doc. 88)**. The Court hereby construes this as a *Motion for Reconsideration.*

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration. Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit treats a motion for reconsideration challenging a prior judgment as either a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Federal Rule of Civil Procedure 60(b). Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1076 (5th Cir. 1994). The difference in treatment is based on timing.  If the motion is filed within twenty-eight days of the judgment, then it falls under Rule

1

59(e). Id.; FED. R. CIV. P. 59(e) (2013). However, if the motion is filed more than twenty-eight days after the judgment, it is governed by Rule 60(b). Id. Here, Plaintiff's motion was filed only five (5) days after the Court issued its *Order* granting Defendant's *Motion for Summary Judgment*. As a result, Plaintiff's motion will be considered under the Rule 59(e) standard.

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." Id.; see also Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as "'[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence.'" In Re Energy Partners, Ltd., 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); see also Pechon v. La. Dep't of Health & Hosp., 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest error is one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law'") (citations omitted).

The Fifth Circuit has noted that "such a motion is not the

2

proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." Templet, 367 F.3d at 478-79. Nor should it be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." Voisin v. Tetra Technologies, Inc., 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. Schiller, 342 F.3d at 567; Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence").

The Court finds that Plaintiff's motion offers no newly-discovered evidence. The Court also finds that there has been no manifest error in law or in fact and that there has been no intervening change in the applicable law.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Set Aside* **(Rec. Doc. 89)** is **DENIED**.

New Orleans, Louisiana, this 24th day of April, 2014.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

3